THE PEOPLE, for the use of Stark county, plaintiffs in error, *v*. AMMON MOON *et al*., defendants in error.

*Error to Putnam.*

It is a well settled principle, that the contracts of sureties to official bonds are to be construed strictly, and are not to be extended by implication.

The receipt and safe keeping of the portion of the internal improvement fund which was appropriated to the county of Putnam, are not such acts as come within the official duties of the treasurer of the county, and his sureties are not liable for his failure to account for it.

THIS cause was heard in the Court below, at the May term, 1841, before the Hon. Thomas Ford and a jury. Verdict and judgment were rendered for the defendants.

The cause was brought to this Court by the plaintiffs.

O. PETERS, for the plaintiffs in error.

C. WALKER and T. L. DICKEY, for the defendants in error.

TREAT, Justice, delivered the opinion of the Court:

This is an action of *debt*, on a bond executed by the defendant, Moon, as principal, and the other defendants, as sureties, to the People of the State of Illinois, in the penal sum of $20,000, and conditioned for the performance, by Moon, of all the duties required of him, by law, as treasurer of Putnam county.

The declaration alleges that Moon, as treasurer of Putnam county, for the use of said county, received from the Fund Commissioners of the State of Illinois, the sum of $9870, part of the sum of $200,000, appropriated by the "*Act to establish and maintain a General System of Internal Improvement*," (1) approved Feb-

(1) Gale's Stat. 350.

ruary 27, 1837, to counties through which no railroad or canal was provided to be made; and assigns for breach the refusal of Moon to pay, on demand, to the county commissioners of Stark county, the sum of $1600.45, as required by the fifth section of the "*Act for the formation of the County of Stark*," approved March 2, 1839. (1)

The defendants pleaded several pleas, on which issue was taken, but we only deem it necessary to notice the fifth and tenth pleas.

The fifth plea avers performance, by Moon, of all the duties required of him by law, for which the other defendants, as his sureties, are liable.

The tenth plea avers that Moon did not receive the said sum of $9870, as treasurer of Putnam county.

The bill of exceptions shows, that on the 9th of January, 1839, the county commissioners of Putnam county made the following order : "Ordered, that Ammon Moon, treasurer of Putnam county, be appointed agent for said county, to draw for and receive of the Fund Commissioners of the State of Illinois, under the internal improvement law, for the county of Putnam, all the money coming to said county; and the said Fund Commissioners are hereby authorized to pay over to said Ammon Moon, treasurer aforesaid, all the money coming to the county of Putnam, under the present internal improvement law of the State of Illinois, and take his receipt therefor, which shall forever be a release from the county to the State, for the amount so drawn." That on the 18th of January, 1839, the Fund Commissioners drew the following check : "State Bank of Illinois, Pay to the order of Ammon Moon, agent for Putnam county, nine thousand eight hundred and seventy dollars," which check was signed by two of the Fund Commissioners, and endorsed, "Ammon Moon, Agent." That on the same day Moon made his receipt to the Fund Commissioners, as follows : "Received of the Fund Commissioners, by the hands of their secretary, nine thousand eight hundred a seventy dollars, being part of the two hundred thousand dollars appropriated by the General Assembly, by an act passed on the 27th of February, 1837, to establish and maintain a general system of internal improvement, and allowed to counties where no railroad or canal passes through.

"Ammon Moon, Agent for the County of Putnam."

It was also proved that the county commissioners of Stark county, in April, 1839, demanded of Moon the sum of $1645, and that he refused payment.

The fifth section of the "*Act for the formation of the County of Stark*," approved March 2, 1839, appropriates to the county of Stark the sum of $1645, one sixth of the sum of $9870, paid by the Fund Commissioners to the defendant, Moon, for the county of Putnam, and required of the county commissioners of Stark

(1) Acts of 1839, 229.

county, to demand of the treasurer of Putnam county, payment of the same, and in the event of his refusal, makes it their duty to bring suit against him and his sureties.

The Court permitted the defendants to prove, that in locating the central railroad, in the most eligible and direct route, it would necessarily pass over what was a part of the territory of Putnam county on the 27th of February, 1837, for a distance of ten or fifteen miles, but which was wholly in that part of Putnam county embraced in the limits of the county of Bureau, created by the act approved February 28th, 1837, and organized by a vote of the inhabitants of what was then Putnam county, in April, 1837. To the introduction of this evidence, the plaintiffs excepted. There was some other evidence given to the jury, which it is considered unnecessary here to state. The Court instructed the jury, first, if the jury believe, from the evidence, that Ammon Moon, one of the defendants, as treasurer of Putnam county, received from the Fund Commissioners $9870, being part of the sum of $200,000, appropriated by the " *Act to establish and maintain a General System of Internal Improvement,*" to the several counties through which no railroad or canal was provided to be made, at the expense of the State, and refused to pay any portion of it over to the county of Stark, upon demand being made by the county commissioners of Stark county, the plaintiffs are entitled to recover of the defendants the sum of $1645, for the use of the county of Stark, with interest, at the rate of six per cent. per annum, from the time such demand was made ; but, secondly, if the jury believe, from the evidence, that the railroad provided to be made by the " *Act to establish and maintain a General System of Internal Improvement,*" beginning at Cairo, to some point near the southern termination of the Illinois and Michigan Canal, and from thence, by the way of Savanna, to Galena, would, on the 27th of February, 1837, if located on the most eligible and direct route, between some place near the southern termination of the Illinois and Michigan Canal and Cairo, have passed through Putnam county, then the county of Putnam was not entitled to receive any portion of the internal improvement fund ; and in such case, if Moon received any portion of said fund for Putnam county, and refused to account for it, it would not be such a dereliction of official duty, on the part of Moon, as would make his sureties, as treasurer, liable. To the giving of these instructions, the plaintiffs excepted. The jury found a verdict for the defendants, and the Court rendered judgment thereon.

The plaintiffs now assign for error, the decisions of the Court in admitting the evidence, and in giving the instructions excepted to.

We apprehend the main question to be decided is, whether the receipt of the money from the Fund Commissioners was such a duty devolving on the treasurer of Putnam county, as would render his sureties liable, upon his failure to account for it. It would

seem, from the evidence in the case, that the money was received by Moon as the special agent of Putnam county, and not in his character as treasurer.    But, independent of this evidence, we are of the opinion, that it was no part of the duty of the treasurer, under the law, to receive the money.    This money was paid by the Fund Commissioners, by virtue of the fifteenth paragraph of the eighteenth section of the " *Act to establish and maintain a General System of Internal Improvement*," approved February 27th, 1837, which provides, " that there shall be appropriated the sum of two hundred thousand dollars, of the first moneys that shall be obtained under the provisions of this act, to be drawn by the several counties, in a ratable proportion to the census last made, through which no railroad or canal is proposed to be made, at the expense or cost of the State of Illinois ; which said money shall be expended in the improvement of roads, constructing of bridges, and other public works."    It is a special appropriation, for certain definite and specified purposes, forming no part of the revenue or ordinary resources of the county, and in no respect liable for its general charges and expenditures.    If an appropriation for general purposes, and without any restriction upon the county in the disposition to be made of it, it might be the duty of the treasurer to receive the money, for in his hands it would be liable to the payment of the debts against the county, and the discharge of its accruing orders and liabilities.    If to be received by the treasurer, it could only be in the nature of a special deposite, subject to the drafts of the county for the particular purposes for which it was appropriated.    It is a well settled principle, that the contracts of sureties to official bonds, are to be construed strictly, and are not to be extended by implication.    It may be said, that the internal improvement law was in force at the time of the execution of the bond, and that the sureties contracted with reference to its provisions.    But could the sureties reasonably have contemplated the receipt, by their principal, of so large a sum of money, especially as the amount was not then ascertained, and doubtful, as it was, whether, under the law, the county of Putnam was entitled to receive any portion of the appropriation ?    We think it more reasonable, that they contracted with reference to the receipt, by the treasurer, of moneys arising from the ordinary sources of revenue, and the performance of such other duties as were clearly imposed by law.

With this view of the case, it becomes unnecessary to enquire into the propriety of the decision of the Court in admitting the evidence, and in giving the instructions complained of.    Enough is shown to justify the verdict of the jury.    Their verdict must have been the same if the evidence had been rejected, and the instructions withheld.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*